UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT A. ESPINOZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-4023 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Now before the Court is Petitioner Robert A. Espinoza's ("Espinoza") "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis, Prohibition, Habeas Corpus and/or Injunctive or any other Extraordinary Relief Pursuant to Title 28 U.S.C. § 1651." For the reasons set forth below, the Petition is construed as a successive Motion to Vacate, Set Aside, or Correct Sentence [#1], and is DISMISSED FOR LACK OF JURISDICTION.

## BACKGROUND

Espinoza was convicted on November 6, 2001, in the United States District Court for the Central District of Illinois, following a jury trial. He was found guilty of racketeering in violation of 18 U.S.C. § 1962(c) (Count 1), conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) (Count 2), conspiracy to distribute and possess with intent to distribute marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count 5), unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count 6), and using and carrying a firearm, an incendiary device, during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii) and (2) (Count 7). On March 1, 2002, Espinoza was

sentenced to 240 months in prison on Counts 1 and 2, 60 months on Count 5, and 120 months on Count 6, all to run concurrently. He was sentenced to 360 months on Count 7 to run consecutively to Counts 1, 2, 5, and 6. He was further sentenced to a 3-year term of supervised release and a $500.00 Special Assessment was imposed and due immediately.

Espinoza filed a direct appeal, and the Seventh Circuit affirmed his conviction on December 5, 2002. 52 F. App'x 846, 850 (7th Cir. 2002). Espinoza's Petition for Writ of Certiorari to the United States Supreme Court was denied on May 27, 2003. *Espinoza v. United States*, 538 U.S. 1065 (2003). On April 29, 2004, he filed a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. On July 14, 2004, Espinoza's § 2255 Motion was dismissed for failure to prosecute. The District Court then vacated the dismissal and allowed Espinoza to file an amended § 2255 Motion, which he did on September 10, 2004. In his § 2255 Motion, Espinoza claimed that he received ineffective assistance of counsel during his pre-trial, trial, and appellate representation. On December 19, 2006, his § 2255 Motion was denied. On June 6, 2007, the Seventh Circuit denied Espinoza's application for certificate of appealability.

In September 2008, Espinoza filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), seeking to have his § 2255 habeas proceedings reopened. That motion was denied on December 18, 2009. He again appealed the denial of his § 2255 motion, and the Seventh Circuit denied Espinoza's application for certificate of appealability and motion to proceed *in forma pauperis* on August 20, 2010. Espinoza now brings the instant "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis, Prohibition, Habeas Corpus and/or Injunctive or any other Extraordinary Relief Pursuant to Title

28 U.S.C. § 1651." This Order follows.

## DISCUSSION

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Espinoza's Petition alleges that the $500.00 Special Assessment: 1) was unlawfully imposed and collected, 2) was unauthorized by Congress as outlined by Supreme Court and Sixth Circuit decisions to which he cites, and 3) that it constitutes double jeopardy, excessive fines and penalties, and cruel and unusual punishment. He argues that he must be immediately released from imprisonment because he has satisfied his sentence by the

3

payment of unauthorized consecutive Special Assessments. Such claims are well within the coverage of ¶1 of § 2255. Thus, under *Melton*, the present filing is actually a motion under § 2255, which the Court is required to dismiss for lack of jurisdiction because Espinoza has not received permission from the Seventh Circuit to commence a second or successive collateral attack.

## CONCLUSION

For the reasons set forth above, Petitioner Robert A. Espinoza's "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis, Prohibition, Habeas Corpus and/or Injunctive or any other Extraordinary Relief Pursuant to Title 28 U.S.C. § 1651" [#1] is DISMISSED FOR LACK OF JURISDICTION. This matter is terminated.

ENTERED this 12th day of May, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge